Stewart Ransom Miller
Miller & Miller
9310 Esplanade Drive
Dallas, Texas 75220-5038
214-352-2132 (telephone)
214- 224-0120 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: § | | Case No. 09-70030-HDH7 |
| GEORGE PATRICK SULIMA, § | | Chapter 7 Bankruptcy |
|     Debtors. § | | |
| GARY STRIPLING and LOUISE PARTEN, § | | |
|     Plaintiffs, § | | |
| § | | |
| vs. § | | Adversary No. _____ |
| § | | |
| GEORGE PATRICK SULIMA, § | | |
|     Defendant. § | | |

**<u>COMPLAINT FOR NONDISCHARGEABILITY OF DEBT UNDER 11 USC § 523</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiff Gary Stripling and Louise Parten, who was formerly known as Louise Stripling, (the "Striplings"), creditors and parties in interest in the above referenced bankruptcy proceeding, file this Complaint For Nondischargeability of Debt Under 11 U.S.C. § 523 (the "Complaint"), and in support thereof state:

**JURISDICTION / CORE PROCEEDING**

    1.    This Court has jurisdiction to consider the claims of this Complaint for Nondischargeability of Debt under 11 USC § 523 because this is a proceeding to determine the dischargeability of a particular debt. Moreover, pursuant to the August 3, 1984 Order of Reference, Miscellaneous Rule No. 33, as authorized by § 104 of the Bankruptcy Amendments and Federal

Judgeship Act of 1984, 28 U.S.C. § 157, all cases in the Northern District of Texas under Title 11and/or proceedings arising in or related to a case under Title 11, are referred to the Bankruptcy Court for the Northern District of Texas. The Court has the authority to enter a final order regarding this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (B), (G), (I), (J) and (O).

2. Venue is proper in this district pursuant to 28 USC § 1409.

3. Defendant George Patrick Sulima filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (the "Code") in this Court on January 29, 2009.

4. This Court's deadline for filing dischargeability complaints is May 26, 2009.

5. On May 6, 2008, the Striplings obtained a judgment against Mr. Sulima for violations of the New Mexico Uniform Fraudulent Transfer Act ("UFTA"), NMSA 1978 §56-10-1 et seq. (1989) in Stripling v. Shauna, Inc. et al. (District Court of San Juan County, Case No. CV 2006-625-3).

6. Mr. Sulima's debt to the Stiplings is the result of the conduct described in 11 U.S.C. § 523(a)(6) and is the type of debt described in § 523(a)(6) and as a result, the debt should be declared to be nondischargeable.

7. The Striplings judgment against Mr. Sulima for violations of the New Mexico UFTA established all the elements of the Striplings' §523(a)(6) claim.

### BACKGROUND / FACTS

8. The Striplings purchased a mobile home from Shauna, Inc., a mobile home dealership in Farmington, New Mexico.

9. The Striplings sued Shauna, Inc. for fraud.

10. The case was tried to an arbitrator in February, 2004.

11. The arbitrator, Hon. William Riordan, a former New Mexico Supreme Court Justice, ruled that Shauna, Inc. committed fraud in connection with the sale of a mobile home to the Striplings.

12. Shauna Inc.'s actions were "malicious, willful, reckless, wanton, and in bad faith."

13. Mr. Sulima personally participated in the fraud perpetrated on the Striplings in connection with the sale of the mobile home.

14. Mr. Sulima's conduct toward the Striplings was abusive.

15. Mr. Sulima lied during his trial testimony at the 2004 arbitration.

16. On April 1, 2004, the day after the Striplings obtained their March 31, 2004 arbitration award against Shauna, Inc., Shauna, Inc. filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of New Mexico.

17. On June 7, 2004, the Striplings' counsel sent a letter to Shauna, Inc.'s bankruptcy attorney, seeking Shauna, Inc.'s position on a Motion to Permit Rule 2004 Examinations.

18. The Striplings sought discovery concerning the sale of Shauna, Inc.'s assets to Solitaire Holdings, LLC and other suspicious financial activity of Shauna, Inc.

19. Shauna, Inc. immediately filed its motion for voluntary dismissal, which was granted on July 15, 2004.

20. The New Mexico Eleventh Judicial District Court entered its judgement against Shauna, Inc., in favor of the Striplings, adopting the 2004 arbitration award.

21. On May 15, 2006, the Striplings filed a separate lawsuit under the New Mexico Uniform Fraudulent Transfer Act ("UFTA") seeking to collect their 2004 judgment from George Sulima personally.

22. George Sulima was the president and general manager of Shauna, Inc., and he was the only signatory on its checking accounts.

23. George Sulima, as a corporate officer of Shauna, Inc., transferred the assets of Shauna, Inc. to Mr. Sulima's personal accounts, with intent to defraud the Striplings.

24. Solitaire Holdings, LLC, another defendant in the UFTA lawsuit, paid $236,764.50 to George Sulima personally, for money that Solitaire owed to Shauna, Inc

25. In 2003 and 2004, Mr. Sulima wrote checks payable to himself, from Shauna Inc.'s corporate accounts, totaling $189,200.

26. George Sulima concealed these transfers from the Striplings and other creditors of Shauna, Inc.

27. George Sulima fraudulently transferred a net total of $379,835.03 of Shauna, Inc.'s assets to himself, with intent to defraud the Striplings.

28. Following trial, on May 6, 2008, the New Mexico Eleventh Judicial District Court entered its Final Judgment and Order, in favor of the Striplings against George Sulima for violations of the UFTA.

29. The 2008 judgment allows the Striplings to collect, from George Sulima personally, their 2004 judgment for fraud against Shauna, Inc. plus costs and attorney fees.

30. George Sulima should be held accountable for the fraud that he perpetrated on the Striplings through his ownership and operation of Shauna, Inc., and his siphoning of its assets.

31. Maintaining the legal fiction of Shauna, Inc. as a separate legal entity from George Sulima would promote injustice.

**CLAIM FOR RELIEF:**
**DECLARATION OF NONDISCHARGEABILITY UNDER 11 U.S.C. §523(A)(6)**

32. Mr. Sulima willfully and maliciously injured the Stiplings through his ownership and operation of Shauna, Inc., and his personal participation in, and ratification of, Shauna, Inc.'s fraud perpetrated upon the Striplings in connection with the sale of a mobile home.

33. Mr. Sulima willfully and maliciously injured the Stiplings by fraudulently transferring a net total of $379,835.03 of Shauna, Inc.'s assets to himself, with intent to defraud the Striplings, in violation of the New Mexico UFTA.

**REQUEST FOR RELIEF**

WHEREFORE, the Striplings requests the Court deny discharge as to their claim and award them relief as follows:

1. A declaration that such judgment is nondischargeable pursuant to 11 U.S.C. §523(a)(6);

2. Costs of suit herein incurred;

3. Reasonable attorney fees; and

4. Such other and further relief as the court may deem proper.

Dated: May 25, 2009.

Respectfully submitted,

/s/ Stewart Ransom Miller
Stewart Ransom Miller
State Bar Number 14116000
Miller & Miller
9310 Esplanade Drive
Dallas, Texas 75220-5038
214-352-2132 (telephone)
214- 224-0120 (fax)

Counsel for the Plaintiffs