**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

In re: GEORGE PATRICK SULIMA

       Debtor,                              Case No. 09-70030-HDH-7
                                                          Chapter 7

GEORGE PATRICK SULIMA,

       Movant

vs.

SOLITAIRE HOLDINGS, LLC

**CREDITORS GARY STRIPLING AND LOUISE PARTEN'S
BRIEF IN OPPOSITION TO DEBTOR'S MOTION
TO COMPEL TURNOVER OF FUNDS**

**I.    Introduction**

Debtor George Sulima moved the court to order the turnover of funds in possession of Solitaire Holdings, LLC ("Solitaire") in the amount of $2,996.87. The funds sought by Mr. Sulima are the property of Creditors Gary Stripling and Louise Parten, f/k/a Louise Stripling (the "Striplings").

The debtor failed to serve a copy of his motion upon either Stewart R. Miller or Feferman, Warren & Treinen, the attorneys for the Striplings. The debtor knew that the Striplings are the real parties in interest to oppose this motion. Their late discovery of this motion is the reason for this late filing of their opposition.

**II.    Nature of the Funds Sought by Mr. Sulima**

On August 26, 2004, Gary Stripling and Louise Parten f/k/a Louise Stripling ("Striplings") obtained a judgment against Shauna, Inc. for fraud related to the sale of a mobile

home. See *Gary Stripling et al. v. Shauna, Inc.*, State of New Mexico District Court, County of San Juan, No. cv 2003-169.

On May 6, 2008, the New Mexico District Court entered a judgment against Mr. and Ms. Sulima personally, for violations of the Uniform Fraudulent Transfers Act ("UFTA"). It found that Mr. Sulima, and his wife Shari Sulima, siphoned hundreds of thousands of dollars from Shauna, Inc. with the intent to defraud the creditors of Shauna, Inc. See, *Gary Stripling et al. v. Shauna, Inc. et al.*, State of New Mexico District Court, County of San Juan, No. cv 2006-625-3. Under the Judgment entered against Mr. and Ms. Sulima, the Striplings are entitled to collect from Mr. and Ms. Sulima personally their August 26, 2004 judgment against Shauna, Inc..[1] *Id.*

The Striplings filed their Application for Writ of Garnishment against George Sulima on June 2, 2008, and served the writ of garnishment upon his employer, Solitaire Holdings, LLC.

Solitaire and the Sulimas filed motions to quash the writ of garnishment. They had the burden of proving that the writ should be quashed. See *Amaya v. Santistevan*, 114 N.M. 140, 143; 835 P.2d 856, 859.

Following the parties' extensive briefing on the motions to quash the writ of garnishment, the New Mexico District Court denied the motions on August 20, 2008. See Exhibit A, Order on Garnishee's Motion to Quash Writ of Garnishment and Motion for Protective Order.

On September 9, 2008, the Solitaire appealed to the New Mexico Court of Appeals the District Court's denial of the motion to quash the writ of garnishment. See Exhibit B, Solitaire

---

[1] The Striplings have filed a Complaint For Nondischargeability of Debt Under 11 U.S.C. § 523, objecting to the discharge of Mr. Sulima's debt to the Striplings. See Stripling v. Sulima (Adv. Proc. No 09-07001-HDH). Mr. Sulima's debt to the Striplings is the result of the conduct described in 11 U.S.C. § 523(a)(6) and is the type of debt described in § 523(a)(6). As a result, the debt is exempt from discharge. The Striplings' judgment against Mr. Sulima for violations of the New Mexico UFTA established all the elements of the Striplings' §523(a)(6) claim.

Notice of Appeal; see also Exhibit C, Sulima Notice of Appeal. The Court of Appeals accepted the District Court Order, denying the motions to quash, as a final determination of the Striplings' rights to the garnished funds.

As a result of Mr. Sulima's bankruptcy filing, the New Mexico Court of Appeals stayed the appeal pending the lifting of the bankruptcy stay. See Exhibit D, Order. On July 8, 2009, the New Mexico Court of Appeals lifted the stay and ordered the appeal to proceed. See Exhibit E, Order Lifting Stay and Consolidating Appeals.

### III.  The Garnished Funds Are The Property of The Striplings

In bankruptcy proceedings, state law governs the determination of a debtor's legal interest, if any, in garnished property. *In Re Ford*, 29 B.R. 364, 365-366 (W. D. Mo. 1983). Because the funds sought by Mr. Sulima concern New Mexico state court garnishment proceedings, New Mexico law governs the rights and interests of Mr. Sulima and the Striplings. *Id.* In New Mexico, once a creditor has served a writ of garnishment, the debtor may dispute the garnishment. NMRA 1-065.2 (2009). In the event that a debtor disputes the garnishment, the Court must hold a hearing to determine the merits of the debtor's dispute. *Id.* "If the court finds that the property is not exempt from garnishment, the court shall enter a judgment on the writ of garnishment requiring the garnishee to turn over to the judgment creditor the property or amount of money set forth in the judgment." NMRA 1-065.2(M) (2009).

Ownership of the garnished funds passes to the judgment creditor - here the Striplings - once the court makes the final determination of the parties' rights to the garnished funds. *In Re Ford* at 366. The New Mexico District Court made its final determination that the funds are properly payable to the Striplings. See Exhibit A, Order. Therefore, the funds sought by Mr.

3

Sulima are not his property. Mr. Sulima has no cognizable interest in the garnished funds, unless the New Mexico Court of Appeals sets aside the Order pertaining to the garnishment.

The funds in possession of Solitaire, in the amount of $2,996.87, are the property of the Striplings. Mr. Sulima is attempting to circumvent the New Mexico District Court and the New Mexico Court of Appeals. Mr. Sulima is asking this Court to do what the New Mexico District Court refused to do: quash the writ of garnishment.

## IV. Conclusion

Mr. Sulima no longer has an ownership interest in the garnished funds. The Court should deny his request that this Court turnover to him the garnished funds that belong to the Striplings.

Respectfully submitted,

/s/ _____

FEFERMAN, WARREN & TREINEN, Attorneys for creditors Gary Stripling and Louise Parten
Richard N. Feferman
Charles Parnall
300 Central Ave., SW, Suite 2000 East
Albuquerque, NM 87102
(505) 243-7773
(505) 243-6663 (fax)